ENGLAND, Justice
(concurring).
Petitioner has ample cause to question the propriety of an administrative proceeding which went through these procedural events:
4/12/72 — Anchor Mobile Home Movers, Inc. (“Anchor”) filed with respondent (“PSC”) a request to transport mobile homes between all points in Florida.
12/12-13/72 — Hearings were conducted before a hearing examiner.
2/16/73 — The hearing examiner filed a report recommending authority to transport in 36 additional counties.
5/14/73 — Oral argument was held before the PSC on exceptions and replies to the examiner’s report filed by petitioner, Anchor, and others.
6/7/73 — The PSC entered an order adopting the hearing examiner’s recommendation, but adding Duval, Alachua and Marion Counties.
8/15/73 — The PSC reconsidered its order, in response to petitioner’s request, and deleted Duval, Alachua and Marion Counties from the grant of additional authority.
’9/18/73 — The PSC reconsidered its reconsideration, in response to Anchor’s request, and reinstated Duval, Alachua and Marion Counties to the grant of authority.
12/14/73 — The PSC stayed its order of 9/18/73 to allow petitioner to respond to Anchor’s request for reconsideration, following a showing that petitioner had not received notice of Anchor’s reconsideration request.
2/22/74 — The PSC affirmed its order of 9/18/73, commenting that successive reconsideration petitions are usually not permitted, and acknowledging that by granting Anchor’s request the PSC was “breaking with tradition and precedent.”
Despite the controversial history of this proceeding, it appears to us from an independent review of the entire record that the Commission’s last order is supported by competent substantial evidence. Had the Commission been bound to any extent by the hearing examiner’s findings of facts, *692 which it was not,[1] this proceeding might have been resolved more expeditiously and with less confusion. That problem has now been overcome for future administrative proceedings by the enactment of Chapter 74 — 310, Laws of Florida.[2] The standard for our review of administrative action under that act is more clearly delineated than under the predecessor law, but it is substantively unchanged.[3]

. Fla.Admin.Code eh. 25-2, § 25-2.97 (1969).

. This statute, which became effective January 1, 1975, now appears as Chapter 120, Fla.Stat. (1974). Section 120.57(1) (j) speei-fies that, as a general rule, agencies are bound by the findings of fact developed before a hearing examiner.

.Section 120.68, Fla.Stat. (1974).